**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LISA MOORE, | Case No. 1:16-cv-825 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Lisa Moore filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents four claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I.  Summary of Administrative Record**

Plaintiff filed applications for DIB and SSI on July 12, 2012, alleging disability as of April 5, 2012, due to back pain, depression, and anxiety. (Tr. 233-45, 266-67, 271). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On February 18, 2015, the ALJ held a hearing, at which time Plaintiff, who was represented by counsel, and an impartial vocational expert (VE) testified. (Tr. 31-68). On April 30, 2015, the ALJ issued a decision denying Plaintiff's claims. (Tr. 10-24).

Plaintiff was born in 1970 and was 41 years old on her alleged onset date. (Tr. 22). She completed high school and has past relevant work as a daycare teacher. She alleges disability due to chronic back pain, as well as anxiety and depression.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease/facet arthropathy; left hip bursitis/public symphysis degenerative changes; major depressive disorder; and generalized anxiety disorder. (Tr. 12). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> She can lift, carry, push, and pull up to twenty pounds occasionally and ten pounds frequently  She can stand/and or walk for up to six hours in an eight-hour workday and can sit for up to six hours in an eight hour workday. She can stand/and or walk for up to six hours in an eight-hour workday and can sit for up to six hours in an eight hour workday. She can only occasionally stoop, kneel, crouch, and climb ramps or stairs. She can never crawl, climb ladders, ropes, or scaffolds, or work at unprotected heights. She is able to perform only simple routine, repetitive tasks. She can only occasionally interact with the general public. She can have no more than superficial interaction with coworkers and supervisors. The job should not require an inflexible workplace or strict production quotas. The job should not require more than ordinary and routine changes in work setting.

(Tr. 15). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that while Plaintiff is unable to perform her past relevant work, significant other jobs exist in the national economy that Plaintiff could perform including such jobs as marker, maid/cleaner, and folder. (Tr. 23). Accordingly, the ALJ determined that

Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) failing to find that Plaintiff's impairments met the requirements for Listing 1.04(A); 2) improperly weighing the opinion evidence; 3) improperly evaluating Plaintiff's ability to perform sitting and standing; and 4) failing to find that Plaintiff's carpal tunnel syndrome was a severe impairment. Upon close analysis, I conclude that the ALJ's decision should be affirmed.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. Specific Errors**

*1. Listing 1.04(A)*

Plaintiff argues first that the ALJ erred in failing to find that her impairments met the requirements of Listing 1.04(A). Plaintiff's contention lacks merit.

The third step in the sequential evaluation for disability benefits requires a determination of whether an impairment or a combination of impairments meets or equals one or more of the medical conditions listed in Appendix 1. *See* 20 C.F.R. §§ 416.920, 416.925, 416.926. An impairment meets a listed impairment only when it manifests the specific findings described in the set of medical criteria for that particular listed impairment. 20 C.F.R. § 416.925(d). Medical equivalence must be based on medical findings supported by medically acceptable clinical and laboratory techniques. 20 C.F.R. § 416.926(b). It is a claimant's burden at the third step of the evaluation process to provide evidence that she meets or equals a listed impairment. *Evans v. Sec'y of Health & Human Servs.,* 820 F.2d 161, 164 (6th Cir.1987).

If a claimant suffers from an impairment which meets or equals a listed impairment, the claimant is disabled without consideration of the claimant's age, education, and work experience. *See Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d

5

524, 528 (6th Cir.1981). An impairment, or combination of impairments, will be deemed medically equivalent to a listed impairment if the symptoms, signs, and laboratory findings, as shown in the medical evidence, are at least equal in severity and duration as to the listed impairment. *Land v. Sec'y of Health & Human Servs.,* 814 F.2d 241, 245 (6th Cir.1986).

It is well-settled that to "meet" a listing, a claimant's impairments must satisfy each and every element of the listing. *Sullivan v. Zebley,* 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin.,* 118 F. App'x 3, 6 (6th Cir.2004) ("When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing."). An ALJ must compare the available medical evidence with the requirements for listed impairments to determine whether a claimant's condition is equivalent to a listing. *Reynolds v. Comm'r of Soc. Sec.,* No. 09–2060, 2011 WL 1228165, at *2 (6th Cir. Apr.1, 2011).

Here, the ALJ determined that Plaintiff's impairments, singly or in combination, did not meet or equal any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14). The ALJ's decision states that he considered whether Plaintiff meets the requirements for Listings 1.02 and/or Listing 1.04, but found that Plaintiff has not demonstrated findings that she met any of these listings. *Id.* The ALJ found that Plaintiff had severe lumbar degenerative disc disease/facet arthropathy, but determined that she did not meet all of the Listing 1.04(A) requirements. (Tr. 13- 14).

6

Plaintiff, however, asserts that the ALJ erred by failing to find that her impairments met or equaled Listing 1.04A. Listing 1.04 provides:

> Disorders of the spine ... resulting in compromise of a nerve root .... [w]ith [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

*4 20 C.F.R. Pt. 404, Subpt. P, App'x 1, 1.04. Thus, for Plaintiff to have been found disabled at step three, she must have had (1) a spinal disorder that (2) result[ed] in "compromise of a nerve root" with (3) "neuro-anatomic distribution of pain," (4) "limitation of motion of the spine," and (5) motor loss (muscle weakness) accompanied by (6) sensory or reflex loss. *Id.*

Here, in finding that Plaintiff did not meet the Listing 1.04, the ALJ noted:

> While a lumbosacral MRI study in May 2012 showed possible mild impingement of the L5 nerve root, it noted that clinical correlation was recommended. Further, straight leg raise testing has been variable, such as reports that straight leg raise was positive on the right, positive only on the left, or negative bilaterally, and most examinations indicate no motor or sensory deficits. An EMG was negative for radiculopathy.

(Tr. 14).

Plaintiff, however, asserts that the ALJ's finding in this regard is not substantially supported. Plaintiff cites to a 2006 MRI showing a nerve root compression. (Tr. 550). Plaintiff also cites to an MRI from May 2012 which showed a mild nerve impingement of the exiting L5 nerve root, seen on the prior study, was suggested but could not be definitely indicated by this study. (Tr. 367-368). Plaintiff further asserts, *inter alia,* that the record indicates that she complained of lumbosacral and radicular pain, numbness in both feet, and limited motion of the lumbar and thoracic spine. (Tr. 392, 464, 455,

7

705, 709). Plaintiff also notes that her doctors have recorded positive straight-leg raising tests over the course of her period of disability.

As noted above, the 2012 MRI did not definitively identify a compression of the nerve root: as the interpreting physician stated: "mild nerve impingement …is suggested but not definite…." (Tr. 367). As noted by the Commissioner, merely being diagnosed with a condition named in a listing and meeting some of the criteria will not qualify a claimant for presumptive disability under the listing. See 20 C.F.R. § 404.1525(d) (An impairment cannot meet a listing based solely on a diagnosis.); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment."). For a claimant to show that her impairment meets a listing, she must demonstrate all of the specified medical criteria. *See id.; see also Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990).

Furthermore, Plaintiff's subjective complaints of pain and numbness were not supported with objective findings. Notably, several of the reports that Plaintiff relies on indicate intact sensation and/or normal reflexes. (*See* Tr. 381-82, 701, 708). Further, the ALJ found that most physical examinations indicated no sensory deficits. (Tr. 14, 379, 381, 435, 807).

Additionally, Rannie Amiri, M.D., a state agency physician who reviewed the record at the reconsideration level, specifically considered Listing 1.04, but indicated that Plaintiff did not meet or equal that Listing. (*See* Tr. 101-02, 122). See SSR 96-6p

(the signature of a state agency medical consultant on a Disability Determination and Transmittal Form ensures that consideration by the physician has been given to the question of medical equivalence).

Thus, based on the objective medical record, the ALJ reasonably found that Plaintiff did not satisfy all the requirements of subpart (A) of Listing 1.04. In light of the foregoing, the undersigned finds that the ALJ's step-three finding is substantially supported.

*2. RFC Determination[1]*

Plaintiff next argues that the ALJ improperly determined that Plaintiff could perform light work. In finding that Plaintiff could perform light work, Plaintiff asserts that the ALJ improperly evaluated the opinion evidence. Specifically, Plaintiff argues that the ALJ was "silent" regarding the weight accorded to the opinions from her treating physicians, Rasesh Desai, M.D., Shoba Rao, M.D., Mukarram Kahn, D.O., and Roger Chang, M.D. (Doc. 9 at 8). In this regard, Plaintiff further contends that the ALJ's finding that she can perform the sitting and standing associated with sedentary and light work is not supported by substantial evidence.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir.2004). If the ALJ does not accord controlling weight to a treating physician,

---
[1] Plaintiff's second and third asserted errors will be considered together as they both take issue with the ALJ's RFC determination.

the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson,* 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.,* No. 09–6081, 2010 WL 3521928, at *6 (6th Cir.Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

Here, the record does not contain any opinion evidence from Plaintiff's treating physicians. Instead, Plaintiff contends that Dr. Desai referred Plaintiff to physical therapy, and the therapy notes contained "functional capacity evaluations" which the ALJ did not mention. (Doc. 9 at 8-9). According to these records, Plaintiff claims that she has a sitting tolerance of about thirty minutes, a standing tolerance of five minutes and a walking tolerance of ten to fifteen minutes. (Tr. 718, 721, 725, 727, 730, 733, 736). Thus, Plaintiff alleges that the ALJ erred by failing to consider such therapy notes, including FCE's completed by physical therapists at NovaCare Rehabilitation. In support of his argument, plaintiff relies on *Bowen*, 478 F.3d 742, which held that the ALJ's failure to mention the RFC opinion of a treating physician violated 20 C.F.R. § 404.1527(c)(2)6 and was not harmless error.

Plaintiff alleges that the ALJ should have given the (disabling) limitations outlined in FCE's substantial weight.

Defendant responds that the ALJ was not required to discuss all of the evidence submitted, and the ALJ's failure to cite the FCE does not indicate that the ALJ failed to consider the evidence. (Defendant further argues that any error the ALJ committed by failing to consider the evidence was harmless because a physical therapist is not an acceptable medical source whose opinion is entitled to controlling weight under the regulations.

In determining whether the ALJ's decision is supported by substantial evidence, the administrative record must be considered as a whole. *Morgan v. Astrue*, No. 2:08-cv-l 108, 2010 WL 547489, at *2 (S.D. Ohio Feb. 11, 2010) (citing *Kirk v. Sec 'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981)). "Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons*, 114 F. App'x at 733 (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). *But see* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

Plaintiff has not shown that the ALJ erred by failing to discuss the physical therapist's FCE. Physical therapists are not "acceptable medical sources" under the Social Security regulations. *See* 20 C.F.R. § 404.1513(a); SSR 06-03p, 2006 WL 2329939, at *2. Only an "acceptable medical source" can give a medical opinion. SSR 06-03p, 2006 WL 2329939, at *2. Because a physical therapist is not considered an "acceptable medical source" under the regulations, an ALJ is not required to give any

11

special deference to a physical therapist's report. *Nierzwick v. Comm'r of Soc. Sec*, 7 F. App'x 358, 363 (6th Cir. 2001) (physical therapist's report not afforded significant weight because therapist not recognized as an acceptable medical source); *Jamison v. Comm'r*, No. 1:07-cv-152, 2008 WL 2795740, at *10 (S.D. Ohio July 18, 2008) (same).

There is no indication that Dr. Desai contributed to the FCE's preparation. Nor do the parties point to any evidence to show that Dr. Desai adopted the physical therapist's findings. Thus, the ALJ was not required to give any special deference or weight to the FCE prepared by physical therapists at NovaCare. As such, the ALJ did not err by omitting mention of the FCE in the written decision. Plaintiff's assignment of error should be overruled in this regard.

Plaintiff further contends that the ALJ erred in giving deference to the findings of the state agency physicians because those doctors did not have access to all the medical records. (Doc. at. 8). Notably, in September 2012 and January 2013, Dr. Green and Dr. Amiri considered the record evidence submitted at the time of their review and opined that Plaintiff could perform light work where she could, *inter alia*, stand and/or walk for a total of six hours in an eight-hour workday and sit for a total of six hours in an eight hour workday. (Tr. 75-76, 87-88, 102-03, 115-16, 123).

The ALJ determined that those opinions were well supported by, and consistent with the substantial medical evidence of record, including but not limited to, Plaintiff's activities of daily living, her conservative treatment history, and the signs and findings reported on physical examinations and diagnostic testing/imaging. (Tr. 21). The ALJ further noted that the evidence received after the state consultant's review does not

support a reduction in their assessment.  (Tr. 21).  The ALJ's decision is substantially supported in this regard.

The Sixth Circuit held that "[i]n appropriate circumstances, opinions from State agency medical...consultants ...may be entitled to greater weight than the opinions of treating or examining sources." *Blakley Comm'r of Soc. Sec*, 581 F.3d 399, 409 (6th Cir. 2009(quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996)). The appellate court reversed not because of the quantity of evidence that was not reviewed by the consulting physician, but because the ALJ failed to indicate that he had "at least considered [that] fact before giving greater weight" to the consulting physician's opinions. Id., 581 F.3d at 409 (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir.2007)). *See also McGrew v. Comm'r of Soc. Sec.,* 343 F. App'x 26, 32 (6th Cir. 2009 (ALJ can reasonably find a state-agency physician's opinion the most accurate as long as the ALJ considers any evidence that the physician could not consider).

Here, the ALJ's decision indicates that he considered the entire record when formulating Plaintiff's RFC. Notably, the ALJ noted that despite Plaintiff's claims of disabling pain, she was able to ambulate effectively and did not require an assistive ambulation device. (Tr. 17). He further noted that diagnostic imaging and physical examinations were not indicative of debilitating limitations. (Tr. 17). The ALJ also discussed that, with the exception of Plaintiff's carpal tunnel surgery, Plaintiff's treatment had been generally conservative with no recommendations for surgery.  (Tr. 19).

Moreover, as noted by the Commissioner, Plaintiff fails to cite any other opinion or medical evidence to show that Plaintiff was so limited in her ability to stand or walk. It

is well established that the burden is always on Plaintiff to present evidence of her disability. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a), 416.912(a) (stating that "in general, you have to prove to us that you are ... disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"). Plaintiff has not met that burden here.

In light of the foregoing, the ALJ's RFC assessment that Plaintiff retained the standing, walking, and sitting capacity to perform light work should not be disturbed. As noted by the Commissioner, although Plaintiff may disagree with the ALJ's decision, she has not shown that it was outside the ALJ's permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts." *Blakley*, 581 F.3d at 406. Even if a reviewing court would resolve the factual issues differently, when supported by substantial evidence, the Commissioner's decision must stand. See *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Indeed, the Sixth Circuit upholds an ALJ's decision even where substantial evidence both contradicts and supports the decision. *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

3. *Step-Two Analysis*

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to find that her carpal tunnel syndrome (CTS) was a severe impairment. (Doc. 9 at 12-13). For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability. See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988) ("an

14

impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience").

Errors at Step 2 of the sequential analysis will not necessarily require reversal, if the ALJ finds at least one "severe" impairment and therefore continues with the remaining steps in the sequential process. That is because in determining a plaintiff's residual functional capacity and ability to work later in the sequential process, the ALJ must consider even the impairments found not to be "severe" at Step 2. *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987); 20 C.F.R. § 404.1520. Thus, regulations require an ALJ to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone.... " 20 C.F.R. § 404.1545(e).

With respect to Plaintiff's carpal tunnel syndrome (CTS), the ALJ found that Plaintiff began reporting symptoms of right CTS in December 2013 and subsequently underwent surgery in May 2014. (Tr. 13, 639, 697). The ALJ considered that after the May 2014 surgery, the record did not indicate significant complaints, findings, or treatment for CTS, and thus he found that CTS was not "severe" for a 12-month period. (Tr. 13). The ALJ also considered that in August 2014, Plaintiff presented with arthritis of the right wrist, for which she attended physical therapy (Tr. 13, 746-82; see also Tr. 717). As such, the ALJ did not find Plaintiff's CTS to be a severe impairment.

As noted above, the ALJ found several "severe" impairments, including "lumbar degenerative disc disease/facet arthropathy; left hip bursitis/public symphysis

15

degenerative changes; major depressive disorder; and generalized anxiety disorder"; and therefore proceeded through the five-step sequential analysis. Even if there was an error, then, the ALJ's failure to consider any of the three conditions as "severe" at Step 2 of the sequential analysis will not necessarily require reversal or remand. As discussed above, I find no error requiring reversal or remand in this case, because the ALJ adequately considered all of Plaintiff's conditions in determining her RFC as outlined above.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                               *s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA MOORE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:16-cv-825

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

17